IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONDALD TIMOTHY MINTON, SR., ) | |
| ) | |
| Plaintiff, ) | Case No. 24-cv-317-GLJ |
| ) | |
| v. ) | |
| ) | |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court *sua sponte* as a result of Plaintiff's Stipulation and Notice of Amount in Controversy [Dkt. No. 16]. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). For the reasons set forth below, this Court lacks subject matter jurisdiction and the matter is REMANDED back to state court.

### Background

Plaintiff initiated this lawsuit on April 11, 2024 in Choctaw County District Court, State of Oklahoma, for injuries suffered because of a fall at a Walmart in Hugo, Oklahoma. *See* Docket 2, Ex. 2. On September 4, 2024, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446. *Id*. On October 23, 2024, Plaintiff filed a Stipulation and Notice of Amount in Controversy. *See* Docket No. 16. Plaintiff's Notice stipulates that he will not seek more than $74,999.99 in damages in this case. *Id*. Subsequently, Defendant filed its Notice in Response to Show Cause Order, in which it stated that it did not object to remand of this case to the extent Plaintiff stipulates

that he is seeking damages less than the amount required for diversity jurisdiction in federal court.  See Docket No. 17.

## Analysis

Federal district courts are courts of limited jurisdiction and a court, *sua sponte*, or a party may challenge subject matter jurisdiction at any stage of the proceedings.  *See Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982).  Federal courts have subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress.  *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs."  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936).

"[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 332, 333 (10th Cir. 1982).

Although the Tenth Circuit has not stated that a district court has the duty or the authority to remand a case *sua sponte* for lack of subject matter jurisdiction, the Court's power to do so is implicit in the power to dismiss a case for a lack of subject matter jurisdiction. In *City of Albuquerque v. Soto Enterprises, Inc.*, the Tenth Circuit implied such remands are appropriate, perhaps even required. 864 F.3d 1089, 1093 (10th Cir. 2017) (the Court contrasted procedural defects with jurisdictional, noting that "unlike jurisdictional defects (which cannot be waived and can be raised *sua sponte* by the court), courts lack authority to remand *sua sponte* for procedural defects, and the parties can waive such defects by failing to raise them in a timely manner."). Moreover, other district courts in the Tenth Circuit, including this Court, have long remanded cases for lack of jurisdiction on their own initiative. *See, e.g.*, *Peak Property Rentals LLC v. Gibbons*, 2024 WL 3849977, at *2 (D. Utah Aug. 16, 2024) (remanding *sua sponte* for lack of subject matter jurisdiction); *Sandel v. Quality Stone Veneer, Inc.*, 2015 WL 5302477 (D. Colo. Sept. 10, 2015) (same); *Velarde v. Velarde*, 2009 WL 2426232 (D.N.M. June 29, 2009) (same); *Jeter v. Jim Walter Homes, Inc.*, 414 F. Supp. 791, 792–93 (W.D. Okla. 1976) (same); *Pettit v. Ark. La. Gas Co.*, 377 F. Supp. 108, 110 (E.D. Okla. 1974) (same).

For purposes of satisfying the amount in controversy element of diversity jurisdiction, "the amount claimed by the plaintiff controls if the claim is apparently made in good faith." *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir.

2000). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (emphasis added; footnotes omitted), superseded by statute on other grounds; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting *St. Paul Mercury* and *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276 (1977)). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Adams*, 225 F.3d at 1183.

Although Plaintiff's prayer for relief in his original petition seeks "no more than $250,000.00" in damages, *see* Docket No. 2, Ex. 2, Plaintiff now stipulates that he will not seek damages above the jurisdictionally required amount for diversity jurisdiction, *see* Docket No. 16. Defendant affirmatively represents that it does not object to remand of this case if Plaintiff stipulates he will not seek damages at or above the jurisdictional threshold amount. *See* Docket No. 17. As a result of Plaintiff's stipulation and Defendant's response, it is apparent that it appears to a legal certainty that Plaintiff's claim is less than the jurisdictional amount required to establish subject matter jurisdiction under 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction and this matter must be remanded back to state court under 28 U.S.C. § 1447(c).

## Conclusion

Accordingly, as set forth herein, this Court does not have subject matter jurisdiction over this case and the case is to be remanded to the District Court of Choctaw County, in the State of Oklahoma, pursuant to 28 U.S.C. § 1447(c).

**DATED** this 24th day of October, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**